UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
BENJAMIN NELSON behalf of himself and
all others similarly situated,

                  Plaintiff,

     -against-

CROSSCHECK, INC.

                  Defendant.
---------------------------------------------------------

CV-07 0311

COMPLAINT

WEXLER, J.

LINDSAY, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 22 2007 ★
LONG ISLAND OFFICE

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

### INTRODUCTION

0.1    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

0.2    Plaintiff is a natural person residing in Nassau County, New York.

0.3    Upon information and belief, defendant is a foreign corporation with its principal place of business in Rohnert Park, California, and, in certain circumstances, as this one, defendant is debt collector as defined the FDCPA.

### JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

1.1    Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2    That a personal debt was allegedly incurred by the plaintiff for personal purposes for the repair of his automobile.

1.3 In or about December, 2006, the plaintiff brought his personal automobile to Saturn of Hempstead for service.

1.4 The plaintiff was suspicious about the service done to the vehicle and placed a stop payment on his check.

1.5 Plaintiff wanted to have his automobile checked by another mechanic to determine whether the work that was performed was done properly as the plaintiff experienced further problems with his automobile.

1.6 Due to the type of repair that was performed, the second mechanic was not able to determine and render an opinion as to whether the first mechanic did not repair the automobile properly.

1.7 The second mechanic did indicate to the plaintiff that the plaintiff was overcharged.

1.8 Upon information and belief, the creditor turned the matter over to the defendant for collection.

1.9 On or about December 26, 2006, the plaintiff received a telephone call from Roy Calhoun.

1.10 Calhoun acted in furtherance of his duties to collect upon checks which were outstanding.

1.11 On said date, Calhoun threatened the plaintiff that if the plaintiff did not make payment by 2:00 p.m. on December 27, 2006, then the plaintiff's credit would be ruined.

1.12 Upon information and belief, Calhoun's threat is falsely threatening and deceptive.

1.13 Plaintiff did not timely receive a letter indicating that the plaintiff has thirty days to dispute the debt.

1.14 Even though the plaintiff would like to dispute the matter and have further dialogue and discussions, due to the defendant's threat made to the plaintiff, the

plaintiff has felt compelled to provide a replacement check to the defendant.

1.15   The plaintiff did not receive an initial communication from the defendant in writing within five days of December 26, 2006, the initial oral communication with the defendant.

1.16   The defendant sent the plaintiff a letter dated December 25, 2006.

1.17   The defendant did not receive the said letter until well into January, 2007.

1.18   Said letter directs the consumer to the reverse side of the letter in order to dispute the debt.

1.19   The reverse of the said letter states in part: "If you notify this office within 30 days after receiving this notice, that you dispute the debt or any part of it, this office will obtain and mail you a copy of any verification, writing, or judgment evidencing the debt.

1.20   Said language fails to set forth that the consumer must request verification of the debt in writing.

1.21   The plaintiff felt threatened and suffered emotional distress damages concerning the foregoing.

1.22   The claim for emotional distress damages is being brought in plaintiff's individual capacity.

1.23   This cause of action is brought on behalf of plaintiff and the members of a class.

1.24   The class consists of consumers who received the same form letter, as did the plaintiff.

1.25   The Class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about December 25, 2006 (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was

3

        not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692g and 1692e(10).

1.26    A sub-class exists for those members who were threatened to pay within a day or otherwise prior to the expiration of the initial thirty day period.

1.27    A sub-class exists for those members who received the initial written communication subsequent to five days following the initial written communication.

1.28    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by not have the accounts reviewed by an attorney and engaging in deceptive practices.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-

abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.29   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.30   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.31   Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.32   That as a result of the above violations, defendant is liable to the plaintiff for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

1.33   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a)   Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)   Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be

determined at the time of trial.

 (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (c) For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
January 17, 2007

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)



**CROSSCHECK,INC.**
P.O. BOX 6008
PETALUMA, CA 94955-6008

December 25, 2006

```
4401378-43
BENJAMIN J. NELSON
582 1ST ST
CEDARHURST, NY    11516
```

Dear BENJAMIN J. NELSON:

Your check number 145 payable to Saturn of Hempstead in the amount of U.S.$285.44 was unpaid by your bank due to Stop Payment. CrossCheck has all right, title, and interest to this dishonored check, and is legally entitled to your payment.

Please send payment in the amount of U.S.$285.44 in the form of a cashier's check or money order. A self addressed envelope is enclosed for your convenience.

To ensure credit on your claim CrossCheck will accept your payment through Western Union Quick Collect. For information on how to pay your debt through Western Union Quick Collect please see the instructions noted below.

It is imperative that you give this matter your utmost attention.

CrossCheck maintains a database of check writers as a service to its thousands of merchants and banks throughout the nation.

In addition, checks remaining unpaid may be reported to Equifax Information Systems, one of the nation's largest credit reporting agencies.

If you have any questions, contact CrossCheck at (707)586-0431.

-------------------------------------------------------------------------------

**Western Union Quick Collect Instructions:** Locate the nearest Western Union office by calling 800-325-6000. Bring cash to this location and request the Western Union Quick Collect form. The CODE CITY for CrossCheck is **CROSSCHECK** and the state is **CALIFORNIA** (abbreviated **CA**). Please ensure that your claim number of 4401378 is listed on the form.

**Credit Card Payments:** Please contact this office, at the phone number listed below, for instructions on how to pay your debt by using a Visa, MasterCard, or Discover.

-------------------------------------------------------------------------------

***** ENCLOSE THE BOTTOM PORTION OF THIS LETTER WITH YOUR PAYMENT *****

Send your payment to:              Claim: 4401378 - **BENJAMIN J. NELSON**

CROSSCHECK, INC.                   Balance Due:U.S.   $285.44
P.O. Box 6008
Petaluma, CA   94955-6008
(707)586-0431

Please see reverse side for important information.

If you fail to dispute the validity of this debt within 30 days of receipt of this notice, this office will assume the debt to be valid. If you notify this office within 30 days after receiving this notice, that you dispute the debt or any part of it, this office will obtain and mail to you a copy of any verification, writing, or judgment evidencing the debt. If, within this 30-day period, you request the name and address of the original payee, this office will provide you with that information as well. This letter is an attempt to collect on a debt. Any information will be used for that purpose.